UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

v.

**KERY NEVIL HERNANDEZ-RAMIREZ,**    CASE NO. SA-24-CR-00152-JKP

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kery Nevil Hernandez-Ramirez's motion, pursuant to Federal Rule of Criminal Procedure 12, to dismiss count one the Indictment, which charges Defendant with violating 18 U.S.C. § 922(g)(5). ECF No. 25. Defendant argues the Court should dismiss the Indictment because § 922(g)(5) is unconstitutional under the Second Amendment, both facially and as applied to him, under the standard articulated by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). For the reasons discussed herein, the Court disagrees and, therefore, **DENIES** Defendant's motion.

### BACKGROUND[1]

On July 5, 2024, the San Antonio Police Department received a call concerning alleged human trafficking in which individuals were being held at gunpoint at an apartment complex. ECF No. 26. at 1. San Antiono police officers responded to the scene and were assisted by Homeland Security Investigations ("HSI"). *Id*. San Antonio police officers obtained a search warrant for the premises and found Defendant in possession of two firearms (a semiautomatic pistol and a rifle). *Id*. at 1-2. HSI special agents provided Defendant with *Miranda* warnings, and Defendant admitted

---

[1] There does not appear to be any dispute regarding the background facts in this case.

he was present in the United States without proper documentation or permission. *Id.* at 2. Defendant also admitted possessing the two firearms found in the apartment. *Id.* at 2. On April 3, 2024, Defendant was indicted for violating 18 U.S.C. § 922(g)(5). ECF No. 10.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(1). If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *see* Fed. R. Crim. P. 12(d) (permitting the court to rule on a motion involving factual issues provided the court states its essential findings on the record); *see also, United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."). Otherwise, the court would waste resources by allowing a case to proceed to trial and later dismissing it based on the same legal argument and facts presented through a pretrial motion. *See Flores*, 404 F.3d at 325.

## ANALYSIS

Recently, the Fifth Circuit had an opportunity to revisit the issue regarding whether individuals unlawfully in the United States were part of the people protected under the Second Amendment. In *United States v. Medina-Cantu*, 113 F.4th 537 (2024), the defendant challenged the constitutionality of 18 U.S.C. § 922(g)(5), which prohibits possession of firearms by anyone illegally or unlawfully in the United States. The court began its analysis by reviewing its pre-*Bruen* opinion in *United States v. Portillo-Munoz*, 643 F.3d 437 (5th Cir. 2011). Defendant argued *Bruen* and *United States v. Rahimi*, 144 S. Ct. 1889 (2024), abrogated *Portillo-Munoz*, while the

government argued *Bruen* and *Rahimi* did not unequivocally abrogate *Portillo-Munoz*. *Medina-Cantu*, 113 F.4th at 538-539.

The court's decision in *Portillo-Munoz* was based on *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), and held "illegal aliens are not law-abiding, responsible citizens or members of the political community, and aliens who enter or remain in this country illegally and without authorization are not Americans as that word is commonly understood." *Medina-Cantu* at 540 (citing *Portillo-Munoz* at 440). The court held its decision in *Portillo-Munoz* survived *Bruen* and *Rahimi*, and held that the court was bound by its rule of orderliness to follow *Portillo-Munoz*. *Id*. at 539. Because illegal aliens are not "members of the political community" covered by the text of the Second Amendment, Defendant's challenge necessarily fails at step one of the *Bruen* methodological framework. *Id* at 542. Because the Court resolves Defendant's challenge at step one of the *Bruen* framework, the burden does not shift to the Government to "justify § 922(g)(5) by demonstrating that it is consistent with the United States's historical tradition of firearm regulation." *Id*. at 541.

## CONCLUSION

Based on binding Fifth Circuit precedent, the Court finds § 922(g)(5) is constitutional under the Second Amendment, under the standard articulated in the Supreme Court's *Bruen* decision, both facially and as applied to Hernandez-Ramirez. The Court, therefore, **DENIES** Hernandez-Ramirez's Rule 12 motion to dismiss the Indictment. ECF No. 25.

It is so ORDERED.
SIGNED this 6th day of January, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE